

# THE ATTORNEY GENERAL
# OF TEXAS

JIM MATTOX
ATTORNEY GENERAL

February 19, 1988

Honorable Tom O'Connell
Criminal District Attorney
Collin County Courthouse
McKinney, Texas    75069

Opinion No. JM-861

Re:  Whether employment as a substitute teacher constitutes continuous employment under the  nepotism statute, article 5996a, V.T.C.S. (RQ-1261)

Dear Mr. O'Connell:

You ask about the application of the  nepotism law to a specific  situation.  You explain  that  a teacher  was employed  full-time  for  the  school  years  1978-1979, 1979-1980 and  1981-1982.  The  teacher resigned  in  the spring of 1982 and her  name was placed on  the substitute list.  She served  intermittently as a  substitute teacher until January  of  1987 and  then  worked as  a  part-time teacher  for  the  remainder  of  the  school year.   In September, 1987, she began work as a full-time teacher and continues in  that  capacity.  The teacher's  spouse  was elected to the  school board of  trustees in April,  1984, and continues to serve on that board.

The question is  whether the  teacher's service as  a substitute satisfies the  continuous employment  exception to the general  prohibition of  nepotism found in  article 5996a, V.T.C.S.

At the time that the spouse was elected to the school board, article 5996a read as follows:[1]

No officer of . . . any . . . school dis-
trict . . . shall appoint,  or vote for,  or

---

1.  Under a 1987 amendment, the requisite  length of prior employment  is only  six months  if  the officer  is elected at an election other than the general election for state and county offices.  See Acts 1987, 70th  Leg., ch. 427, §1, at 3958-59. That change, however, does not affect the result in this opinion.

> confirm the appointment to any office, posi-
> tion, clerkship, employment or duty, of any
> person related within the second degree by
> affinity. . . . [P]rovided, that nothing
> herein contained . . . shall prevent the
> appointment, voting for, or confirmation of
> any person who shall have been continuously
> employed in any such office, position,
> clerkship, employment or duty for a period
> of two (2) years prior to . . . the election
> or appointment of the officer or member
> related to such employee in the prohibited
> degree.

Acts 1951, 52d Leg., ch. 97, §1, at 159.

This article applies to school board trustees and to the employment of teachers. Attorney General Opinion Nos. JM-636 (1987); JM-371 (1985); O-6259 (1945).

The spouse of an officer to whom the nepotism statute applies is related within the first degree of affinity. Attorney General Opinion V-785 (1949); see also Attorney General Opinion Nos. JM-371 (1985); H-993 (1971).

The information provided to us indicates that the teacher resigned her employment as a full-time teacher and her name was added to a list of persons available to serve as substitute teachers. As we understand it, having one's name put on this "substitute list" creates neither a guarantee of being contacted by the school district to serve as a substitute teacher, nor an obligation to accept a teaching assignment if offered one. The teacher about whom you inquire was not a party to any continuing contract.

We distinguish the current situation from that of a school district auditor. In Attorney General Opinion JM-45 (1983) this office found that if a school district auditor was continuously under contract for two consecutive years prior to the election of his first cousin to the school board, the auditor could continue his employment for the school board after his cousin took office. The auditor, like the substitute teacher, was performing services on a periodic basis, but, unlike the substitute teacher, the auditor was employed by the school district by virtue of his contract.

The substitute teacher's status is more analogous to that of a court-appointed attorney. In Bean v. State, 691 S.W.2d 773 (Tex. App. - El Paso 1985, pet. ref'd), the

court found that repeated appointments to represent indigent clients did not constitute continuous employment; but rather that "[e]ach appointment represents a separate employment." Id. at 775 (emphasis added). The same is true in this instance. The employment relationship does not exist until the school district offers temporary work to someone on the list of available substitutes, and the person accepts the assignment.[2]

Therefore, based on the fact that the teacher was not continuously employed for two years before her spouse was elected to the board but served periodically on a substitute basis, the two year continuous prior employment provision was not triggered. In our opinion, her employment as either a full-time, a part-time, or a substitute teacher by the school district during her spouse's tenure on the school board violates the nepotism statute.

### S U M M A R Y

Service as a substitute teacher does not constitute continuous employment under the provision of the nepotism statute which allows continued employment of a person related within the prohibited degree to a school board member.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

---

2. Hence, when the teacher changed from substitute teaching to part-time teaching in January 1987, she did not terminate her employment in order to come within the exception to the nepotism statute found in section 2 of article 5996g, V.T.C.S.

p. 4179

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Karen C. Gladney
Assistant Attorney General